**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MICHAEL MOSES,**                                                                                **PETITIONER**

**V.**                                                          **NO. 2:03CR147-GHD**

**UNITED STATES OF AMERICA,**                                       **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Michael Moses for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. The government responded to the petition and the matter is now ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied .

**Facts and Procedural Posture**

On October 20, 2003, the Petitioner was charged in three counts of a six-count indictment as follows:

> Count One: from February 16, 2001, through August 26, 2003, Michael Moses and others conspired to possess with intent to distribute and to distribute cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(C) and 846.
>
> Count Five: on August 26, 2003, Moses possessed with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C.§ 841(a),(b)(1)(A).
>
> Count Six: on August 26, 2003, Moses possessed with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a),(b)(1)(C).

On April 9, 2004, Moses pled guilty to Count One. The Presentence Investigation Report (PSR) determined that Moses' Base Offense Level was 32, which was reduced by three levels for acceptance of responsibility, resulting in a Total Offense Level of 29. Based on a total of 11 criminal history points, Moses was assigned a Criminal History Category of V[1]. For a Total Offense Level

---

[1] As for his criminal history, Moses had four juvenile adjudications and sentences, and all were included in calculation his criminal history because they were within five years of

of 29 and a Criminal History Category of V, the guidelines sentencing range was 140 to 175 months of imprisonment.

Moses filed objections to the PSR disputing, *inter alia*, the date on which he became involved in the conspiracy. The date was important for purposes of determining Moses' criminal history points which, in turn, effected the sentencing range under the guidelines. Moses argued that he did not participate in the conspiracy until July 2, 2003, which was the date of the first event involving Moses cited in the factual basis for the guilty plea. The indictment, however, indicated that the conspiracy began February 2001. The PSR contained details provided by a confidential source which attributed possession of 14.17 grams of cocaine base and .2 grams of cocaine powder to Moses beginning in February 2001. At sentencing these quantities of drugs were excluded pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

By excluding the February 2001 drug quantities, the court implicitly accepted that Moses did not join the conspiracy until July 2003. As a result, two juvenile convictions became too old for purposes of calculating Moses' criminal history category. The court and the parties, however, erred by reducing the criminal history points for only one conviction instead of two.[2] As a result, Moses's criminal history category was reduced from V to IV but should have been reduced to a category III. Nonetheless, an offense level of 29 and criminal history category of IV was used yielding a sentencing range from 121 to 151 months. Using the same offense level with a criminal history category of III, the correct sentencing range should have been 108 to 135 months.

Prior to sentencing, the Government filed a 5K1.1 motion for downward departure based on Moses' substantial assistance. On December 2, 2004, the court sentenced Moses to a term of 88

---

Moses' involvement in the February 2001 conspiracy.

[2] At sentencing the court noted that "one of the juvenile court convictions [was] over five years old, which would take a two-point enhancement away from the computation of the criminal history."

months imprisonment well below the sentencing range used and the corrected sentencing range. Moses did not appeal his sentence. On September 12, 2005, he filed the present motion asserting that his criminal history category was erroneously calculated using juvenile sentences that were not within five years of the beginning of his involvement in the conspiracy.

## Discussion

In support of his argument, the Petitioner contends he would have received a lower sentence if his criminal history category had been properly calculated. The government contends that Moses cannot prove that he would have received a lower sentence because even without the miscalculation Moses was sentenced to a term well below the guideline range. Furthermore, the government argues that Moses failed to raise this issue at trial or through a direct appeal and as such the claim is barred on collateral review.

Generally, even though timely filed, a defendant can not raise an issue for the first time on collateral review without a showing of both "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102, S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *United States v. Webster*, 392 F.3d 787, 799 (5th Cir. 2004). To satisfy the "cause" standard, a petitioner must show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors may include a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion. *Id.* at 993.

Unfamiliar with legal principles, Petitioner does not address the procedural bar but merely concludes that his petition is timely and not subject to the bar. Petitioner admits that no appeal direct appeal was filed and does not point to any part of the record where an objection was made to the computation of his criminal history points relied upon during his sentencing. Further, although neither party nor the court noticed the computation error, the factual and legal basis of Moses' claim

3

asserted herein, was reasonably available to his counsel at sentencing.[3] Thus, the court does not believe that Moses has demonstrated cause necessary to overcome the procedural bar.

Finding that Moses has failed to show cause for his procedural default, the court is not obligated to engage in further analysis. However, in the event that there is any lingering doubt, the court also finds that Moses can not demonstrate prejudice. Using the lessor "plain error" standard, the Fifth Circuit has held, that "if the trial judge, on remand, could reinstate the same sentence, [the court of appeals] will uphold the sentence imposed despite the trial court's error." *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003). The same court explained that "the question is not whether the district court would have chosen the same sentence absent the error, but whether it could have done so." *Id.* at 828 (upholding a sentence imposed that was within the sentencing range); *see also United States v. Echavarria*, WL 0441047, 138 Fed. Appx. 687, 679 (5th Cir. 2005) (declining relief based on a similar criminal history miscalculation).

As noted above, Moses was sentenced with a guideline range of 121 to 151 months. If his criminal history points were properly calculated the corrected guideline range would have been 108 to 135 months. Moses, however, was sentenced to 88 months imprisonment well below either sentencing range. Therefore, even with the error in calculating the criminal history points which, in turn, had an adverse effect on the criminal history category, this court could reinstate the same sentence originally imposed. Accordingly, despite the error, habeas relief is not appropriate and Moses' petition is denied.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3th day of October, 2007.

/s/ Glen H. Davidson
Senior Judge

---

[3] Moses has not asserted an ineffective assistance of counsel claim.